David D. Cleary (AZ Bar No. 011826)
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: 602-445-8000
Fax: 602-445-8100
Email: clearyd@gtlaw.com

Lenard Parkins (NY Bar No. 4579124) *(pro hac vice)*
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400
Email: parkinsl@gtlaw.com

and

1000 Louisiana, Suite 1700
Houston, TX 77002
Tel.: (713) 374-3500
Fax: (713) 374-3505
Email: parkinsl@gtlaw.com

and

Karl Burrer (TX Bar No. 24043584) *(pro hac vice)*
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002
Tel.: (713) 374-3500
Fax: (713) 374-3505
Email: burrerk@gtlaw.com

*Attorneys for Blue Wolf Capital Fund III, L.P.*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In Re: | Chapter 11 |
| FLORENCE HOSPITAL AT ANTHEM, LLC, | Case No.: 4:13-bk-03201-BMW |
| Debtor. | **RESPONSE TO DEBTOR'S HEARING BRIEF [D.E. 1575]** |

Blue Wolf Capital Partners, III, L.P. ("Blue Wolf") hereby files this response (the "Response") to the Reorganized Debtor's hearing brief (the "Debtor's Brief") [Dkt. No. 1575] and respectfully states as follows:

**Introduction**[1]

Subject to the Motion to Strike being contemporaneously filed herewith, Blue Wolf files this Response to address the arguments in the Debtor's Brief regarding the application economic loss doctrine and the contributory negligence. Blue Wolf has detailed the Debtor's fraudulent and or negligent conduct in its own hearing memorandum (the "Blue Wolf Brief") [Dkt. No. 1574] and incorporates all arguments contained therein by reference.

As explained in the Motion to Strike, the Court should not consider the new arguments the Debtor has raised in the Pre-Trial Statement, and now the Debtor's Brief, with inadequate notice, resulting in "trial by ambush."[2] Subject to these objections, Blue Wolf files this Response to protect its rights without waiving its objections.

**Arguments and Authorities**

**1. The Economic Loss Doctrine Does Not Apply to Blue Wolf's Claims.**

In order for the economic loss doctrine to apply, an enforceable contract must exist that would preclude tort claims that would be duplicative of a breach of contract action. Despite arguing that this doctrine applies, the Debtor goes on to defeat this argument in the Debtor's Brief, contending that Blue Wolf does not actually have any breach of contract claims. *See* Debtor's Brief, at pp. 18–21.

The economic loss doctrine does not apply because Blue Wolf is not seeking remedies under contract law, either contract damages, or specific performance of a contract. The economic loss doctrine presents the issue of whether a court should limit a "contracting party" to its contract remedies for purely economic loss. *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320,

---

[1] All otherwise undefined terms have the meanings set forth in the Joint Pre-Trial Statement (the "Pre-Trial Statement" or "PTS").

[2] *See* Blue Wolf Brief, at pp. 23–25.

323, 223 P.3d 664, 664 (2010).[3]

The Debtor has basically admitted that the economic loss rule cannot apply because Blue Wolf was not a party to an enforceable contract. The Debtor asserts in its section of the Pre-Trial Statement that there was no enforceable contract because, "the APA was not binding on the Debtor until it was approved by the Bankruptcy Court." PTS, at p. 19. Accordingly, there is no contract susceptible of maintaining an action for breach of contract of or specific performance in this matter. As such, it cannot be said that Blue Wolf is "a contracting party [who] should be limited to its contract remedies for purely economic loss." *SeeRich v. BAC Home Loans Servicing, LP*, 2013 U.S. Dist. LEXIS 189311 (D. Ariz. July 10, 2013) (citing *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 223 P.3d 664, 667 (Ariz. 2010); and *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 290 P.3d 446, 452 (Ariz. Ct. App. 2012) ("[T]he [economic loss doctrine] does not apply to bar tort claims for purely economic losses when there is no contract between the parties."). Blue Wolf is not a contracting party seeking breach of contract damages.

Instead, Blue Wolf is seeking tort damages because the losses that it has incurred were not reasonably foreseeable at the time that it agreed to purchase the Debtor's assets. The economic loss

---

[3] The economic loss doctrine is "a common law rule limiting a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property" than such property addressed in the contract. *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 323, 223 P.3d 664, 667 (2010). "The principal function of the economic loss doctrine ... is to encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for loss of the benefit of the bargain." *Flagstaff*, 223 P.3d at 671. Id. at 327, 223 P.3d at 671 (citation omitted). In such circumstances, when there is no contract between the parties, rather than rely on the economic loss doctrine, "courts should instead focus on whether the applicable substantive law allows liability in the particular context." Id. at 327, 223 P.3d at 671. Economic loss 'refers to pecuniary or commercial damage[.]'" Cooley v. Davison, 2017 U.S. Dist. LEXIS 99851, 9-11 (D. Ariz. June 28, 2017) (quoting Flagstaff 223 P.3d at 667). As recently explained by the District Court:

> [A]pplication of the doctrine to various tort claims requires a context-specific analysis that must take into account the policies behind contract and tort law. While tort law seeks to promote safety and spread the costs of accidents, contract law "seeks to preserve freedom of contract and to promote the free flow of commerce." Thus, if "common law contract remedies provide an adequate remedy because they allow recovery of the costs of remedying the defects ... and other damages reasonably foreseeable to the parties upon entering the contract[,]" there is no strong policy reason to also provide a tort remedy. Greyhound Lines Inc. v. Viad Corp., No. CV-15-01820-PHX-DGC, 2016 U.S. Dist. LEXIS 160960, 2016 WL 6833938, at *7 (D. Ariz. Nov. 11, 2016) (quoting Flagstaff, 223 P.3d at 669).

*Cooley v. Davison*, 2017 U.S. Dist. LEXIS 99851, 9-11 (D. Ariz. June 28, 2017).

doctrine is applicable *only* when contract remedies, "provide an adequate remedy because they allow recovery of the costs of remedying the defects ... and *other damages reasonably foreseeable to the parties upon entering the contract.*" *Flagstaff*, 223 P.3d at 669 (emphasis added).[4]

Here, the negligent and/or fraudulent misrepresentations of the Debtor were not foreseeable risks that Blue Wolf could have, let alone did, factor in upon execution of the Blue Wolf APA. As recently explained by the District Court in *Cooley*, contract law does not, and cannot, provide an adequate remedy for misrepresentations in the formation of a contract. *Cooley v. Davison*, 2017 U.S. Dist. LEXIS 99851, at *9-11 (D. Ariz. June 28, 2017) ("the Court is not convinced that contract law provides an adequate remedy for Cooley's alleged damages. For example, Cooley alleges that Eileen and the Trust made misrepresentations …, but the escrow instructions and promissory note say nothing about these matters."); *see also Ares Funding, L.L.C. v. MA Maricopa, L.L.C.*, 602 F.Supp.2d 1144, 1149 (D. Ariz. 2009) ("The economic loss doctrine … is not applicable to the tort of fraud in the inducement in Arizona."); *TSYS Acquiring Solutions, LLC v. Electronic Payment Systems, LLC*, 2010 U.S. Dist. LEXIS 104259, *12-15 (D. Ariz. 2010) (holding that the economic loss doctrine did not bar the plaintiff's consumer fraud claim because the fraud allegedly caused the party to enter the contract). This is so because "[f]raudulent misrepresentation . . . undermines the ability of parties to negotiate freely, and therefore negates the presumption that an equitable negotiation has occurred." *KD & KD Enterprises, LLC v. Touch Automation*, LLC, 2006 WL 3808257, *2 (D.Ariz., Dec. 27, 2006). In such circumstances, "[i]t is unreasonable to restrict a party to contractual limitations of liability when fraudulent representations resulted in an unequal, unfair bargaining process." *Id*.

The Debtor relies on *Salt River Project Agr. Imp. And Power Dist. v. Westinghouse Electrice Corp.*, 143 Ariz. 368, 694 P.2d 198 (1984) and *Apollo Group, Inc. v. Avnet, Inc.*, 58 F.3d 477 (9th Cir.

---

[4] As a stalking horse bidder and potential purchaser of substantially all the assets of the Debtor, there are certain risks that were foreseeable to Blue Wolf when executing the APA. For instance, if the auction had been conducted, Blue Wolf could have been outbid by another purchaser. In fact, the Bid Procedures Order provided certain protections in those circumstances. *See* Bid Procedures, pg. 4-5 ("a Cost Reimbursement of $175,000 will be payable to [Blue Wolf] on the conditions that the Stalking Horse Bidder executes an APA and Blue Wolf, as the Stalking Horse Bidder, is not the Prevailing Bidder at the Auction due to an overbid.") (emphasis added).

4

HOU 408798486v7
Case 4:13-bk-03201-BMW    Doc 1577    Filed 09/28/17    Entered 09/28/17 09:30:16    Desc
Main Document    Page 4 of 12

1995) as authority for the application of the economic loss doctrine in this case. *See* Debtor's Brief, at p. 11. Both cases, however, are highly distinguishable from the case before the Court. In both *Westinghouse* and *Apollo Group*, the respective plaintiffs were parties that had purchased goods under a standard purchase and sale agreement governed by the Arizona UCC. *See* 694 P.2d at 202; 58 F.3d at 480. After the sale was completed in each case and the respective plaintiffs had received their goods from the defendants, the plaintiffs then sought damages to recover from losses caused by defective or non-conforming goods. *See* 694 P.2d at 204; 58 F.3d at 478-79. Both plaintiffs were truly seeking the "benefit of the bargain" damages governed by the economic loss doctrine, not reliance damages arising based on fraud or negligent misrepresentation. They wished to be made whole and provided what they paid for under the contract. These cases are simply inapplicable to the case before the Court.[5]

As demonstrated from the Blue Wolf Administrative Claim, Blue Wolf not seeking expectancy damages in this case. Accordingly, Blue Wolf is not seeking the pecuniary, commercial or consequential damages that invoke the economic loss doctrine. *Flagstaff*, 223 P.3d at 667 (citing *Salt River Project Agric. Improvement & Power Dist. v. Westinghouse Elec. Corp.*, 143 Ariz. 368, 379-80, 694 P.2d 198, 209-10 (1984)). (Economic loss "refers to pecuniary or commercial damage, including any decreased value or repair costs for a product or property that it itself the subject of a contract between the plaintiff and defendant, and consequential damages such as lost profits."). Instead, Blue Wolf is seeking reliance damages for the "hard costs" it expended in its diligence which occurred throughout the course of the negotiations and was caused and induced by debtor's tortious conduct. Consequently, there is no applicability of the economic loss doctrine or the cases the Debtor relies on in this matter. Blue Wolf therefore submits that the Economic Loss Doctrine may not serve as a bar to the recovery of its tort

---

[5] For comparison, to put Blue Wolf in a similar situation to the plaintiffs in these cases, Blue Wolf would have had to complete the purchase of the Debtors, only to find the hospital was not as represented in the Blue Wolf APA (for instance, it was lacking the number of beds represented). In that case, if Blue Wolf was seeking damages to compensate it for such difference, then the economic loss doctrine would serve to prevent Blue Wolf from recovering tort based damages in addition to its contract based damages. Indeed, if Blue Wolf were seeking contract damages in this contested matter, Blue Wolf would be seeking millions of dollars in expectancy damages based upon the returns it expected to receive from its investment in purchasing the Debtor's assets.

5

damages caused by the Debtor's misrepresentations.

**2.     Blue Wolf Can Prove the Elements of its Tort Claims.**

The Debtor spends a significant portion of the Debtor's Brief arguing that Blue Wolf cannot prove the elements of its fraudulent and negligent misrepresentation claims. *See* Debtor's Brief, at pp. 13–18. Blue Wolf has explained why the Debtor is liable under those legal theories in the Blue Wolf Brief, and rather than rehash those arguments here, will incorporate them by reference. *See* Blue Wolf Brief, at pp. 7–20.

**3.     Blue Wolf was not Contributorily Negligent to the Tort Damages Inflicted upon it by the Debtor.**

Among the Debtor's meritless arguments is the contention that Blue Wolf was contributorily negligent because it had a duty to investigate the Debtor's authority to enter into the relevant agreements. But Blue Wolf had no such duty because it could reasonably rely on the Debtor and its counsel, who are officers of the Court, to be honest and forthcoming regarding such authority.

The Debtors seek to have Blue Wolf found contributorily negligent for not discovering the corporate authority issue on their own and instead relying on the Debtor's statements to both Blue Wolf and the Court regarding this issue. *See* Debtor's Brief, at pp. 14-15.  This is not, and cannot be, the standard of care in a court approved sale of the debtor's assets.  Blue Wolf will prove that it reasonably relied on the representations of the Debtor's representatives as fiduciaries of the Debtor's estate and officers of the court. To contend that Blue Wolf should doubt what the Debtor stated to the Court as truth would be to throw the entire bankruptcy process on its head. Courts and parties in interest rely on the truthfulness of pleadings and representations to the Court as the foundations of the decisions they make in working towards a resolution in a bankruptcy case. If Blue Wolf and the Court could not reasonably rely on what the Debtor stated in its pleadings and representations in open court, the Debtor's bankruptcy case would have taken a very different course.

In order to maintain that Blue Wolf was at fault, the Debtor must establish "an actionable breach

of legal duty, act or omission proximately causing or contributing to injury or damages sustained by a person seeking recovery, including negligence in all of its degrees, contributory negligence, assumption of risk, strict liability, breach of express or implied warranty of a product, product liability and misuse, modification or abuse of a product." A.R.S. 12-506 (F)(2).

Under Arizona tort law,[6] "[a] person may rightfully rely upon a misrepresentation of fact even when he may have discovered the falsity of the statement by a simple investigation." *Dawson v. Withycombe*, 216 Ariz. 84, 98, 163 P.3d 1034, 1048 (Ct. App. 2007) (citing *Carrel v. Lux*, 101 Ariz. 430, 434, 420 P.2d 564, 568 (1966)). "Moreover, once a party requests assurances, the alleged tortfeasor cannot misrepresent such assurances and then contend the alleged victim had no right to rely on such representations." *Id.* The only misrepresentations that a party may not rely on is one that is obviously false. *Law v. Sidney*, 47 Ariz. 1, 11, 53 P.2d 64, 68 (1936). As such, to be contributorily negligent under Arizona law, Blue Wolf would have had to have actual knowledge of the authority issues that derailed the sale process during the period its damages occurred. It did not. In addition, when, after Dr. John's made his Statement of Position, Blue Wolf asked for and was given assurances regarding the authority issue, the Debtor cannot then reverse course and assert Blue Wolf is contributorily negligent for relying on those assurances.

---

[6] Though applied in difference circumstances under 11 U.S.C. § 523, Arizona's reasonable reliance standard is substantially similar to that under federal bankruptcy law, which incorporates the common law of torts. *Field v. Mans*, 516 U.S. 59, 69 (1995). Under bankruptcy law, the reasonable reliance standard generally does not entail a duty to investigate. *Gould v. Wisniewski (In re Wisniewski)*, Nos. 2:12-bk-07266-EWH, 2:12-ap-01213-EWH, 2014 Bankr. LEXIS 2024, at *26 (U.S. Bankr. D. Ariz. May 5, 2014) (citing *Field*, 516 U.S. at 70). The Ninth Circuit has stated that, "one who receives a fraudulent misrepresentation of a fact 'is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation.'" *In re Kirsh*, 973 F.2d 1454, 1458 (9th Cir. 1992). This is especially true in the case of non-disclosure of material facts, where, "it is impossible to demonstrate reliance, since to do so requires proof of a speculative state of facts, i.e. how one would have behaved if omitted material information had been disclosed." *In re Apte*, 180 B.R. 223, 229 (B.A.P. 9th Cir. 1995) (internal quotations omitted), *aff'd*, 96 F.3d 1319 (9th Cir. 1996). Because the representations relied on can be the very cause preventing further inquiry into a statement's falsity, justifiable reliance ordinarily "does not require the party to test the truth of such representations where they are within the knowledge of the party making them or where they are made to induce the other party to refrain from seeking further information." *Yazdianpour v. Safeblood Techs., Inc.*, 779 F.3d 530, 536 (8th Cir. 2015) (citing *Lancaster v. Schilling Motors, Inc.*, 299 Ark. 365, 772 S.W.2d 349, 351 (Ark. 1989)). As the Bankruptcy Appellate Panel of the Ninth Circuit summed up, "negligence in failing to discover an intentional misrepresentation is no defense." *In re Apte*, 180 B.R. at 229.

Case 4:13-bk-03201-BMW    Doc 1577   Filed 09/28/17   Entered 09/28/17 09:30:16   Desc
Main Document    Page 7 of 12

Blue Wolf was induced by the Debtor's fraudulent and/or negligent misrepresentations and non-disclosures into conducting the diligence for and the negotiating of the three key agreements referenced in the Blue Wolf Brief in an unauthorized sale process. In the absence of such disclosures by the Debtor, Blue Wolf had no source of information on which to rely except for the representations of the Debtor's representatives to Blue Wolf and the Court during the course of the sale process. The fact that the Court found itself in the same position, without knowledge or indication of the Debtor's lack of corporate authority, speaks volumes about the justifiable reliance exercised by Blue Wolf in the circumstances. Blue Wolf did not contribute to the Debtor's misrepresentations, nor to the fraud the Debtor committed upon Blue Wolf, nor to its authority issues. Since such contributions to its tort damages are entirely lacking, Blue Wolf cannot be held contributorily negligent.

**4.     Awarding Attorneys' Fees is Appropriate.**

Blue Wolf has addressed the Debtor's argument with regard to attorneys' fees is set forth in the Blue Wolf Brief, and those arguments are incorporated herein by reference. *See* Blue Wolf Brief, at pp. 20–23.

Respectfully submitted this 28th day of September, 2017.

/s/*David D. Cleary*
David D. Cleary
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: 602-445-8000
Fax: 602-445-8100
Email: clearyd@gtlaw.com

Lenard Parkins (NY Bar No. 4579124) (*pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400
Email: parkinsl@gtlaw.com

and

1000 Louisiana, Suite 1700
Houston, TX 77002
Tel.: (713) 374-3500
Fax: (713) 374-3505
Email: parkinsl@gtlaw.com

and

Karl Burrer (TX Bar No. 24043584) *(pro hac vice)*
GREENBERG TRAURIG, LLP
1000 Louisiana, Suite 1700
Houston, TX 77002
Tel.: (713) 374-3500
Fax: (713) 374-3505
Email: burrerk@gtlaw.com

*Attorneys for Blue Wolf Capital Fund III, L.P.*

9

# CERTIFICATE OF SERVICE

The foregoing document was e-filed on September 28, 2017 with the U.S. Bankruptcy Court and copies served via e-mail the same day (or served via U.S. First-Class Mail, as indicated hereon.)

| | | |
|---|---|---|
| Andre Carman<br>acarman@lawwmc.com | Hillary Barnes<br>hbarnes@allenbarneslaw.com | Edward Bernatavicius<br>edward.k.bernatavicius@usdoj.gov |
| Margaret Gillespie<br>mgillespie@maypotenza.com | Mark Chernoff<br>office@azfirm.net<br>mchernoff@azfirm.net | Bradley Gardner<br>bdg@udallshumway.com |
| Robert Harris<br>Lori Winkleman<br>robert.harris@quarles.com<br>lori.winkelman@quarles.com<br>Walter.ashbrook@quarles.com | Bryce Suzuki<br>Kyle Hirsch<br>bryce.suzuki@bryancave.com<br>kyle.hirsch@bryancave.com | Gerald Shelley<br>Nancy March<br>Anthony W. Austin<br>gshelley@fclaw.com<br>nmarch@fclaw.com<br>aaustin@fclaw.com |
| Patrick Howell<br>phowell@whdlaw.com | Ligee Gu<br>lgu@halperinlaw.net | Carolyn Johnsen<br>CJJohnsen@dickinsonwright.com |
| Chad Miesen<br>chad@carpenterhazelwood.com | Andrew Harnisch<br>andy@mhlawaz.com | Pernell McGuire<br>pmcguire@davismiles.com |
| Philip Rudd<br>Wesley Denton Ray<br>rudd@sacksstierney.com<br>wesley.ray@sacksstierney.com | Rob M. Charles, Jr.<br>Jeffrey L. Sklar<br>rcharles@llrlaw.com<br>jsklar@llrlaw.com | Thomas Salerno<br>Thomas.salerno@stinsonleonard.com |
| Clint Smith<br>staceywork@hotmail.com<br>st@cwspclaw.com | Benjamin Reeves<br>breeves@swlaw.com | Gary Ringler<br>garyvringler@earthlink.net |
| Rafael Zahralddin-Aravena<br>Shelley Kinsella<br>Cameron Fee<br>rxza@elliottgreenleaf.com<br>sak@elliottgreenleaf.com<br>cmf@elliottgreenleaf.com | William Fife<br>Daniel Greenberg<br>az@brinkmanlaw.com | Daren Brinkman<br>Laura Portillo<br>Kevin Ronk<br>daren@brinkmanlaw.com<br>az@brinkmanlaw.com<br>laura@brinkmanlaw.com |
| Kami Hoskins<br>khoskins@gordonrees.com | Teddy M. Kapur<br>smaizel@pszjlaw.com<br>tkapur@pszjlaw.com | Daniel E. Garrison<br>Jessica Kenney Bonteque<br>dan@andantelaw.com<br>jessica@andantelaw.com |
| Brian Weinberger<br>bkfilings@fhlawaz.com | Keith Hendricks<br>khendricks@law-msh.com | Jill Perrella<br>Jonathan Saffer<br>jperrella@swlaw.com<br>jmsaffer@swlaw.com |
| Jordan Kroop<br>jkroop@perkinscoie.com | Michael W. Carmel<br>michael@mcarmellaw.com | Dean Dinner<br>ddinner@ngdlaw.com |
| Bradley D. Weech<br>bweech@jacksonwhitelaw.com | Joshua Carden<br>joshua@cardenlawfirm.com | Donald Powell<br>d.powell@cplawfirm.com |
| Tamalyn E. Lewis<br>tel@eblawyers.com | William Fife<br>William@williamfifelaw.com | Robert T. Luttrell, III<br>Louis Price<br>bob.luttrell@mcafeetaft.com<br>louis.price@mcafeetaft.com |

10

HOU 408798486v7
Case 4:13-bk-03201-BMW    Doc 1577    Filed 09/28/17    Entered 09/28/17 09:30:16    Desc
Main Document    Page 10 of 12

| Rick N. Bryson<br>G. Gregory Eagleburger<br>rick.bryson@sanderssparks.com<br>Greg.Eagleburger@sanderssparks.com | Brian J. Pollock<br>bpollock@lrlaw.com | Thomas O. Kolb Jr.<br>tkolb@bakerdonelson.com |
|---|---|---|
| Stacia A. Danielsen<br>sdanielson@sw-cpa.com | Robert M. Moss<br>rmoss@medicalpropertiestrust.com | Bryan A. Albue<br>balbue@shermanhoward.com |
| Thomas C. Axelsen<br>taxelsen@shermanhoward.com | Bruce J. Borrus<br>Joseph E. Shickich<br>bborrus@riddellwilliams.com<br>jshickich@riddellwilliams.com | Brian M. Blum<br>Fay Marie Waldo<br>brian@andantelaw.com<br>fay@andantelaw.com |
| Rob A. Justman<br>Kurt M. Zitzer<br>rjustman@meagher.com<br>kzitzer@meagher.com | Randy J. Aoyama<br>Michael R. Ayers<br>raoyama@hinshawlaw.com<br>mayers@hinshawlaw.com | Michael A. Jones<br>mjones@ambazlaw.com |
| Lawrence D. Hirsch<br>lhirsch@psazlaw.com | Adam D. Melton<br>amelton@l-llp.com | Sean O' Brien<br>spobrien@gustlaw.com |
| Nat Palaniappan<br>natpalaniappan@yahoo.com | Lori A. Lewis<br>LewisL01@mcao.maricopa.gov | Michael Bach<br>michaelb@dehaan-bach.com |
| Joseph Wm. Kruchek<br>Lisa Peters<br>joseph.kruchek@kutakrock.com<br>lisa.peters@kutakrock.com | Amanda Cartwright<br>amanda.cartwright@bryancave.com | Dean Waldt<br>Grant L. Cartwright<br>waldtd@ballardspahr.com<br>cartwrightg@ballardspahr.com |
| Brian Huben<br>Dustin Branch<br>Jessica Mickelsen<br>brian.huben@kattenlaw.com<br>dustin.branch@kattenlaw.com<br>jessica.mickelsen@kattenlaw.com | Warren J. Stapleton<br>wstapleton@omlaw.com | David Ira Weissman<br>dweissman@roselawgroup.com |
| Mark D. Svejda<br>mark@azrealestatelawyers.com | Marvin D. Mitchell<br>Mitch22@cox.net | Ivan Esteban<br>ivanestebanc@gmail.com |
| GE Healthcare<br>Gaurav Malik<br>Gaurav.Malik@ge.com | Lamar Advertising Company<br>Attn: Robert S. Bewick<br>bbewick@lamar.com | Anderson & Associates, Inc.<br>Attn: Roger Sompson<br>ras@andersonexecsearch.com |
| Insight Direct USA, Inc.<br>Attn: Michael Walker<br>Michael.walker@insight.com | Wesley Loy<br>wsl@bowwlaw.com | Joseph Corrigan<br>Bankruptcy2@ironmountain.com |
| Cynthia Switzer<br>Switzer.Cynthia@principal.com | Alysse M. Medina<br>Oliver J. Davis<br>amedina@maypotenza.com<br>odavis@maypotenza.com | Jennifer J. Axel<br>jaxel@polsinelli.com |
| Dale C. Schian<br>bkdocket@biz.law<br>dale@biz.law | Dale Danneman<br>DDanneman@lrrc.com | |

**AND SENT BY FIRST-CLASS U.S. MAIL:**

| Medical Properties Trust, Inc.<br>Robert M. Moss<br>1000 Urban Center Drive, Ste. 501<br>Birmingham, AL 35242 | Stryker Endoscopy<br>c/o Lori L. Purkey<br>Purkey & Associates, PLC<br>5050 Cascade Road, SE, Ste. A<br>Grand Rapids, MI 49546 | Stryker Orthopeadics<br>c/o Lori L. Purkey<br>Purkey & Associates, PLC<br>5050 Cascade Road, SE, Ste. A<br>Grand Rapids, MI 49546 |
|---|---|---|
| Pinal County Treasurer<br>P.O. Box 729<br>Florence, AZ 85132 | Marvin D. Mitchell<br>512 W. Claremont Ave.<br>Phoenix, AZ 85013 | |

1 | By: */s/ Ishmael Taylor-Kamara*
2 |
3 |
...
28 |